IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMI P. MCDONALD, Inmate #B05692, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEATHER CECIL, JOYCE HOSKINSON, ) <br> JEANE CAMPANELLA, and DERWIN L. ) <br> RYKER, ) <br> ) <br> Defendants. ) | CIVIL NO. 11-357-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jimi P. McDonald, an inmate in Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Lawrence Correctional Center ("Lawrence"). Plaintiff is serving a five year sentence for robbery, two years for driving on a revoked license, and three years for theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff claims that some time after July 7, 2010, a copy of the Will County Circuit Court's order dismissing his petition for post-conviction relief, sent via certified mail, was received at the Lawrence mail room and was signed for by Defendant Cecil, a mailroom clerk. However, the court order was never delivered to Plaintiff. As a consequence, Plaintiff missed his 30-day deadline to file a notice of appeal in that case, and was unable to prosecute an appeal of the court's denial of

post-conviction relief. Upon later inquiry, he obtained a copy of the docket sheet and certified mail receipt from Will County, showing Defendant Cecil's signature on the receipt (Doc. 1-2, pp. 5-9).

Plaintiff asserts that Defendant Cecil's actions violated the relevant departmental, statutory, and administrative code procedures requiring certified mail to be signed for by the inmate and delivered on the same day it is received. Further, he claims that Defendant Cecil intentionally diverted his court mail as retaliation against him for filing a grievance and lawsuit over an injury he suffered on July 14, 2010, because of unsafe conditions on his dietary job. He states that this retaliation also included the loss of his dietary job, repeated cell shakedowns, verbal abuse, and a delay in his previously-approved transfer to Logan.

Plaintiff claims that staff at Lawrence have a history of withholding, misplacing, and/or destroying inmates' mail. He has complained about this problem and filed grievances in the past, to no avail.

As relief, Plaintiff seeks a transfer to Logan Correctional Center, and compensatory and punitive damages. The Court notes that the transfer request is now moot, as Plaintiff was moved to Logan in December 2011, some eight months after filing the instant complaint.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Denial of Access to Courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430

U.S. 817 (1977).  Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983.  An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts, *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990); *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).  Such an allegation must be more than merely conclusory.

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense." *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quoting *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir. 1999)).  To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  This requires Plaintiff to identify the underlying claim that was lost.  See *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff has satisfied the requirement, at the pleading stage, to identify his underlying claim – the lost opportunity to appeal the trial court's dismissal of his post-conviction petition.  Because he missed the deadline, he claims he has been foreclosed from seeking review of that decision, and

thus has lost a significant opportunity to challenge his conviction in court. In Plaintiff's case, the action which caused the denial of his access to the courts was the failure to deliver his certified mail envelope containing the court order which triggered his deadline to file an appeal.

Simple negligence on the part of a mailroom worker that results in a lost opportunity to litigate a matter will not support a claim for violation of the constitutional right to access the courts. *See Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir. 1992) (isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation). However, an allegation that a defendant acted deliberately or recklessly in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to state a civil rights claim. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) ( discussing *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999).

Here, Plaintiff has alleged that the failure to deliver his certified mail envelope from the clerk of the Will County Circuit Court was part of a pattern of the mailroom staff withholding, misplacing, or destroying his mail. Moreover, he states his belief that Defendant Cecil's action of signing the certified mail receipt and then failing to deliver the document to him was done deliberately, and in retaliation against him for filing a grievance. Accordingly, Plaintiff's claim against Defendant Cecil for denying him access to the courts shall proceed for further review.

Plaintiff includes as Defendants Joyce Hoskinson (the mailroom supervisor), Jeane Campanella (the assistant warden and mailroom supervisor), and Derwin Ryker (the warden). However, he does not state that any of these officials were directly or personally involved in Defendant Cecil's failure to deliver Plaintiff's certified mail letter from the court. Instead, he appears to assert that they should be equally liable for the denial of his access to the court because

of their supervisory responsibilities over the mailroom operations.

"The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Furthermore, the fact that Plaintiff may have complained to these other officials about the loss and non-delivery of his mail does not establish liability on their part. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Because Plaintiff's allegations do not establish any personal involvement of Defendants Hoskinson, Campanella, or Ryker in the diversion of his mail from the Will County Circuit Court and the resulting loss of access to the courts, these Defendants shall be dismissed from this action without prejudice.

**Count 2 - Retaliation**

In addition to the alleged retaliatory diversion of mail by Defendant Cecil, Plaintiff claims that he has experienced several other instances of retaliation as a result of pursuing a grievance and legal action for his personal injury. Even though some of these allegations (cell shakedowns, verbal abuse, loss of prison job, and delay in transfer) would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they

are actionable under § 1983.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner).

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim.  *Id.*

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).  Plaintiff has identified the constitutionally protected action that he took which allegedly triggered the retaliatory actions.  However, with the exception of Defendant Cecil's diversion of his certified letter, Plaintiff has failed to identify which of the other Defendants engaged

in any of the other alleged acts of retaliation. Without this information, the Defendants are not sufficiently put on notice of the claims.

Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Therefore, if Plaintiff desires to proceed with claims for retaliation against any other Defendants for the transfer delay, job loss, cell shakedowns, or verbal abuse, he must amend his complaint to identify which individual Defendants engaged in what retaliatory conduct.

**Count 3 - Violation of Illinois State Law**

Plaintiff includes a claim that the failure to deliver his certified mail violated the provisions of 20 Illinois Administrative Code § 525 and 730 Illinois Compiled Statutes 5/3-7. *See* 20 ILL. ADMIN. CODE § 525.120; 730 ILL. COMP. STAT. 5/3-7-2. The Court can find no directive within

those sections that requires a certified mail letter to be signed for by the inmate himself. Even if Plaintiff is correct that some provision of law, regulation or departmental rule was violated by the actions of a Defendant herein, such a violation does not amount to a constitutional deprivation. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *see also Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).

Therefore, Plaintiff cannot maintain a civil rights claim for any state law violation, and this count shall be dismissed with prejudice.

**Count 4 - Claims not Supported by Allegations in Complaint**

Plaintiff states he wishes to bring claims for "Illegal confiscation of property," "Cruel and unusual punishment (Totality of Conditions)," and "Denial of equal protection/treatment" (Doc. 1, p. 8). However, he does not describe what actions by which Defendants form the basis for these claims, and the factual allegations discussed in Counts 1 and 2 fail to support any of these three claims. Mere legal conclusions are insufficient to state a claim upon which relief may be granted. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Therefore, Plaintiff's claims for confiscation of his property, cruel and unusual punishment, and denial of equal protection shall be dismissed without prejudice.

**Pending Motion**

On March 30, 2012, Plaintiff filed a motion seeking a status report on this case. Plaintiff's motion (Doc. 10) is **DENIED AS MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** fail to state a claim upon which relief

may be granted, and thus are **DISMISSED.** The dismissal of **COUNT 3** shall be **with prejudice**. The dismissal of **COUNT 4** shall be **without prejudice**. Defendants **HOSKINSON, CAMPANELLA,** and **RYKER** are **DISMISSED** from this action without prejudice.

Plaintiff has sufficiently stated claims in **COUNT 1** and **COUNT 2** against Defendant **CECIL** on which he may proceed. However, if he wishes to proceed on any of the other retaliation claims in **COUNT 2**, he must amend his complaint to identify the Defendants who were personally responsible for engaging in the retaliatory conduct, and describe the actions taken by each Defendant. The amended complaint must also include the claims against Defendant Cecil.

**IT IS THEREFORE ORDERED** that Plaintiff shall file his amended complaint (to be labeled "First Amended Complaint"), naming the individual Defendants directly responsible for the alleged deprivations in **COUNTS 1 and 2**, within 35 days of the entry of this order (on or before May 9, 2012).

Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claims designated in this Order as Count 1 and Count 2, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts described in those Counts. If the First Amended Complaint fails to conform to these requirements, it shall be stricken. If Plaintiff chooses not to file a First Amended Complaint (or if the First Amended Complaint does not comply with this order), the case shall proceed on the original complaint (Doc. 1) against Defendant Cecil only, on the claims against her designated as Counts 1 and 2.

Plaintiff is further **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to

the original complaint.  Thus, the First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Service on Defendant Cecil and any other Defendants shall not be commenced until after the Court reviews the First Amended Complaint pursuant to this order and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

DATED: April 4, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge