IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMI P. MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-357-GPM |
| | ) |
| HEATHER CECIL, JOYCE HOSKINSON, JEANE CAMPANELLA, DERWIN L. RYKER, and RICK DENSMORE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court in this 42 U.S.C. § 1983 action is Defendants' motion to dismiss for failure to state a claim (Doc. 34). Defendants' motion addresses one of Plaintiff's two claims. Plaintiff is proceeding on both a claim of denial of access to the courts (count 1) and a claim of retaliation for filing a grievance (count 2), both in contravention of his First Amendment rights (Docs. 12, 14). The denial of access claim is against Defendants Cecil, Hoskinson, Campanella, and Ryker. Count 2 is against Defendants Cecil and Densmore. Defendants claim that Mr. McDonald's denial of access claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Defendants' motion is **GRANTED**, and Defendants Hoskinson, Campanella, and Ryker shall be **DISMISSED** from this action. This action is now proceeding only on Mr. McDonald's retaliation claim against Defendants Cecil and Densmore.

The events forming Plaintiff's denial of access claim occurred when he was incarcerated at

Lawrence Correctional Center ("Lawrence") (Doc. 39). He claims that at some time after July 7, 2010, a copy of an order from Will County, dismissing his state petition for post-conviction relief and sent via certified mail, was received in the Lawrence mail room and signed for by Defendant Cecil (*See* Doc. 11). Plaintiff, however, never received that order and consequently missed the 30-day appellate deadline (Doc. 39-1). He claims that Defendant Hoskinson, Defendant's Cecil's supervisor, conspired with Cecil to confiscate that certified mail (Doc. 12, p. 8). He also claims that Defendants Hoskinson, Campanella, and Ryker were aware of "the long history" of mishandling inmates' legal mail, but that those Defendants failed to take remedial action (Doc. 12, p. 9). Based on Plaintiff's allegations that those Defendants had purposefully ignored their subordinates' misconduct, his denial of access claim against Defendants Hoskinson, Campanella, and Ryker survived threshold review (Doc. 14, p. 2).

In his response to Defendants' motion to dismiss, Plaintiff states that after he missed the deadline to file an appeal of the denial of his state-post conviction motion, he petitioned the appellate court for leave to file an appeal out-of-time (Doc. 39-1, p. 4). Mr. McDonald admits that he "was granted leave to appeal," he was appointed appellate counsel, and his appeal is currently under review (Doc. 39-1, p. 4).[1]

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where

---

[1] The Court does take notice of the order of the Third District Appellate Court of Illinois in this matter, entered after Plaintiff filed his response to Defendants' motion to dismiss. The Illinois Appellate Court found that the trial court did not err when it found Mr. McDonald's postconviction petition frivolous and without merit. *People v. Jimi McDonald*, Appeal Nos. 3-10-0900, 3-10-0901, and 3-10-0902, 2012 Ill. App. (3d) 100900-U, available at: http://www.state.il.us/court/R23_Orders/AppellateCourt/2012/3rdDistrict/3100900_R23.pdf /

a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 556 U.S. at 678. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). It is, therefore, "not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

Here, Defendants argue that Plaintiff cannot maintain a plausible claim for denial of access to the courts because *Heck* bars his claim. Under the rule of *Heck v. Humphrey,* "a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would necessarily imply that his conviction had been invalid". *Moore v. Mahone,* 652 F.3d 722, 723 (7th Cir. 2011), *citing Heck v. Humphrey,* 512 U.S. 477, 487 (1994). *Heck,* therefore, "forbids a prisoner in his civil rights case to challenge a finding in his criminal…case that was essential to the decision in that case." *Moore,* 652 F.3d at 723. On the other hand, "claims that do not call into question the validity of a conviction or comparable decision remain viable under § 1983." *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir. 1998). "[W]here the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was

valid". *Hoard v. Reddy,* 175 F.3d 531, 534 (7th Cir. 1999).

A denial of access claim requires a prisoner to "show an *actual injury* in the form of interference with a *nonfrivolous* legal claim." *Bridges v. Gilbert,* 557 F.3d 541, 553 (2009) (emphasis added), *quoting Lewis v. Casey,* 518 U.S. 343, 353 (1996). "Hindrance of [a] frivolous claim does not result in actual injury and thus cannot give rise to [a] claim for denial of access to the courts." *Johnson v. Barczak,* 338 F.3d 771, 772 (7th Cir. 20030, *citing Christopher v. Harbury,* 536 U.S. 403, 415 (2002). "In other words, the right of access to the courts is tied to and limited by a prisoner's right to vindication for a separate and distinct right to seek judicial relief for some wrong." *Lehn v. Holmes,* 364 F.3d 862, 865 (7th Cir. 2004), *quoting Christopher,* 536 U.S. at 415.

By his own pleadings, Plaintiff cannot show an actual injury from the allegedly misdirected legal mail. He was allowed to appeal the denial of his postconviction motion (Doc. 39-1, p. 4). Furthermore, that legal claim was explicitly found by the Third District Appellate Court of Illinois to be frivolous. *Illinois v. McDonald,* No. 2012 IL App (3d) 100900-U (Ill. Dist. 3 Aug. 21, 2012).[2] He fails to state a claim under either requirement of a denial of access action, and, because he would need to show that he was entitled to habeas relief on his underlying conviction in order to show actual injury here, *Heck* is an additional bar to the claim. Plaintiff can show *neither* an actual injury nor hindrance of a non-frivolous claim. His claim for denial of access is therefore **DISMISSED**.

**IT IS SO ORDERED.**

**DATED**: March 29, 2013

---

[2] Plaintiff has also been transferred from Lawrence, so he states no claim for prospective injunctive relief.

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge